UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS MORENO, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. B-06-154 |
| POVERTY POINT PRODUCE, INC., et al., | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES**

I.   Introduction

Plaintiffs are migrant farmworkers from South Texas who are suing their former employers and farm labor contractors for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq. ("AWPA"), and Louisiana tort law. Plaintiffs respectfully request that the Court order Defendants Poverty Point Produce, Inc., Jeffery Brown, Raul Leal, Jesse Leal, and Piedad Leal to serve their initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and to file with the Court their lists of financially interested parties, as required by the Court's Order of September 26, 2006.

II.  Statement of Relevant Facts

Pursuant to the Court's Order of September 26, 2006, the parties in this case were ordered

to file a list of financially interested parties within 15 days of receiving the Court's Order and to confer and file their Joint Discovery/Case Management Plan with the Court by February 5, 2006. (D.I. 3).[1]  Plaintiffs filed their Disclosure of Interested Parties on October 11, 2006. (D.I. 4) Defendants Poverty Point Produce and Jeffery Brown's (hereinafter the "Grower Defendants") lists of interested parties were due on October 13, 2006, which is 15 days from September 28, 2006, the date that their attorney received from Plaintiffs' counsel the Court's Order along with a request for waiver of service of summons.  The lists of interested parties for Defendants Raul Leal, Jesse Leal, and Piedad Leal (hereinafter the "Contractor Defendants") were due on December 26, 2006, which was the first business day following 15 days after they were served on December 8, 2006 with process and the Court's Order.  (See D.I. 16, 17 & 18)  To date, none of the Defendants has submitted a list of interested parties.

Pursuant to the parties' Joint Discovery/Case Management Plan under Rule 26(f), the parties' initial disclosures were due by February 19, 2007.  (D.I. 23, at 2)  Plaintiffs mailed their Initial Disclosures on February 19, 2007; however,  none of the Defendants has yet served Plaintiffs with initial disclosures.  Pending before the Court is Defendants Poverty Point Produce, Inc.'s and Jeffery Brown's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, Alternatively, to Transfer Venue and Plaintiffs' response.  (D.I. 14 & 21)  As stated in the Joint Discovery/Case Management Plan (D.I. 23, at 2–3), because the Grower Defendants maintain that this Court does not have jurisdiction over them, they believe that they should not be subject to non-jurisdictional discovery, including the initial disclosures.  The Grower Defendants

---

[1] Pleadings are referred to with their ECF/PACER docket number, abbreviated as "D.I.___."

*Memorandum of Points and Authorities in Support*
*of Plaintiffs' Motion to Compel Initial Disclosures*                                                                                                  Page 2

have also requested a 60-day period of jurisdictional discovery. Plaintiffs maintain that no jurisdictional discovery is needed because the Court has sufficient grounds immediately to deny the Grower Defendants' motion. Plaintiffs also maintain that there should be no stay on general discovery during the pendency of the Grower Defendants' motion.

In February 27, 2007, this Court issued a final scheduling order giving May 7, 2007 as the deadline for joining new parties and November 5, 2007 as the discovery deadline. (D.I. 30) On March 2, 2007, Plaintiffs filed their Motion for Expedited Court-Authorized Notice to Prospective Class Members Pursuant to 29 U.S.C. § 216(b) of the FLSA. (D.I. 33) Because prospective class members' claims continue to run until they file consent-to-sue forms with the Court, see 29 U.S.C. § 216(b); 29 U.S.C. § 257, any delay in discovery could cause prospective class members' FLSA claims to lapse. Plaintiffs now move the court to compel all Defendants to produce the information described herein so that discovery in this case may proceed and so that prospective class members' claims are not lost.

**III. Argument**

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires all parties to provide the other parties with initial disclosures within 14 days of the Rule 26(f) conference "unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Once brought to the court's attention, the court may still order that all or part of the initial disclosures be made, despite the objection. See id. An objection to the initial disclosure requirement is analogous to seeking a protective order under Fed. R. Civ. P. 26(c), by which a party from whom discovery is sought

may move the court to limit or stay discovery as necessary with good cause shown. See Flores v. S. Peru Copper Corp., 203 F.R.D. 92, 94 (S.D.N.Y. 2001) (recognizing a district court's discretionary power to stay Rule 26(a)(1) initial disclosures pending resolution of a motion to dismiss, if the defendant makes a strong showing that the plaintiff's claim is unmeritorious).

Generally, stays of discovery are not favored because they cause prolonged litigation, additional expense, and case management problems. Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). However, one situation in which good cause can be shown is when a party has filed a dispositive motion, such as a motion to dismiss, that would eliminate the entire action and therefore avoid unnecessary and costly discovery altogether. Von Drake v. Nat'l Broadcasting Co., Inc., Civ. No. 3-04-CV-0652-R, 2004 U.S. Dist. LEXIS 25090, at *4 (N.D. Tex. May 20, 2004). Essentially, the court must balance the harm of delay against the probability that the action would be dismissed completely, thereby avoiding all discovery expense. Simpson, 121 F.R.D. at 263. Some factors that the court may consider include: 1) the length of the stay; 2) the prejudice caused to the opposing party; 3) the breadth of the sought discovery; 4) the burden in responding to the discovery; and 5) the strength of the dispositive motion filed by the party seeking the stay. See Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."); Von Drake, 2004 U.S. Dist. LEXIS 25090, at *3 (factors the court should consider in deciding whether to grant a stay of discovery include "(1) the breadth of the discovery sought, (2) the burden of responding to such discovery, and (3) the strength of the

dispositive motion filed by the party seeking a stay."). Based on these factors, a stay of discovery should not be permitted in this case.

    A.    <u>The Unforeseeable Length of the Stay Weighs in Favor of Ordering Defendants to File Their Initial Disclosures</u>

A stay of discovery based on a pending dispositive motion is only reasonable when it is for a short period of time. <u>See</u> <u>Spencer</u>, 206 F.R.D. at 368. Here, the Grower Defendants, by objecting to non-jurisdictional discovery in the 26(f) Joint Discovery/Case Management Plan, have essentially requested a stay until the Court has ruled on their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, Alternatively, to Transfer Venue. The Court has not yet ruled on this motion. Additionally, the Court's Scheduling Order of February 27, 2007 sets May 7, 2007 as the date by which all parties must be joined and November 5, 2007 as the date by which all discovery must be completed. (D.I. 30). It would be unfair for Defendants to delay discovery of essential information in their initial disclosures for an unforeseeable length of time, especially when Plaintiffs need to join all parties by May 5, 2007.

    B.    <u>Substantial Prejudice Would Be Caused to Plaintiffs and Prospective Class Members Whose Claims Continue to Run During Any Stay of Discovery</u>

A stay of discovery is not appropriate if it would result in prejudice to the party opposing the stay. <u>See</u> <u>Spencer</u>, 206 F.R.D. at 368. If Defendants are permitted to refrain from serving their initial disclosures, Plaintiffs will be severely prejudiced. On March 2, 2007, Plaintiffs filed their Motion for Expedited Court-Authorized Notice to Prospective Class Members Pursuant to 29 U.S.C. § 216(b). Section 16(b) of the FLSA allows for a collective action procedure by which Plaintiffs can notify all similarly situated workers of the pendency of this action and allow them

the opportunity to join the lawsuit and recover for FLSA damages. However, because of § 16(b)'s opt-in scheme, prospective class members' claims continue to run until they file consent-to-sue forms with the Court. See 29 U.S.C. § 216(b); 29 U.S.C. § 257. Thus, if Defendants continue to withhold their initial disclosures, Plaintiffs will be denied valuable information necessary to identify potential class members, which might then result in the statute of limitations (2 years, or 3 years for willful violations) running on prospective class members' FLSA claims.[2]

    C.    <u>The Breadth of Discovery Sought Is Small and the Burden on Defendants to Produce the Initial Disclosures is Minor</u>

In deciding whether to allow discovery to be stayed, the court can take into consideration the breadth of the discovery sought and the burden imposed by ordering discovery. Von Drake, 2004 U.S. Dist. LEXIS 25090, at *3. Plaintiffs are requesting that Defendants be ordered to file their initial disclosures and list of interested parties. These two documents are not voluminous and are normally produced at the outset of litigation because they are essential to guiding future discovery and potential resolution of the case. Moreover, the information required in these documents is readily available to Defendants and can be obtained without considerable expense or time. Because the scope of the discovery sought at this time is small, and the burden on Defendants is minor, Defendants should be ordered to produce the documents described herein.

    D.    <u>Defendants' Motion to Dismiss Is Unlikely to Be Granted and Thus Permitting a Stay of Discovery Would Cause Unnecessary Delay and Expense to Plaintiffs</u>

Although a court cannot predict whether a pending dispositive motion will be granted or

---

[2] The statute of limitations on the 2004 FLSA claims of some Plaintiffs and potential opt-in class members could begin to run as soon as early August of 2007. See Decl. of Oscar Reyes ¶ 8 (D.I. 34-3).

denied, in making a decision about whether to stay or limit discovery, it is appropriate for the court to "take a preliminary peek" at the pending motion to determine whether it appears meritorious. Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003). The Grower Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, Alternatively, to Transfer Venue is unlikely to be granted because Plaintiffs came forward with substantial evidence in their response showing that the Contractor Defendants acted as the Grower Defendants' agents when they recruited workers in South Texas. (D.I. 21, at 11–19.) Additionally, Plaintiffs showed that the Grower Defendants had been recruiting farmworkers whom they knew to reside in Texas over a series of years, establishing systematic and continuous contact with Texas. (D.I. 21, at 20–21.) The Grower Defendants did not file a reply controverting Plaintiffs' evidence regarding personal jurisdiction. At most, the Grower Defendants might succeed in having venue in this action transferred to Louisiana, which would not dispose of this action but merely relocate it. Because a ruling on the Grower Defendants' dispositive motion to dismiss is unlikely to result in complete disposition of this action, no cost savings would result if discovery is delayed.[3] To the contrary, additional time and expense will be wasted if discovery cannot proceed pending a ruling in the motion to dismiss.

> E.  The Grower Defendants' Request for a Stay of Discovery Contradicts Their Own Request for 60-Day Jurisdictional Discovery

The Grower Defendants are simultaneously asking for 60 days of jurisdictional discovery and objecting to serving their initial disclosures. As an initial matter, it is unusual that the party

---

[3] Furthermore, granting the Grower Defendants' motion to dismiss for lack of personal jurisdiction would not even dispose of the entire case because the Contractor Defendants do not dispute that this Court has personal jurisdiction over them. (See D.I. 23, at 1–2.)

*Memorandum of Points and Authorities in Support*
*of Plaintiffs' Motion to Compel Initial Disclosures*                                                            Page 7

objecting to personal jurisdiction, the Grower Defendants, would be the party seeking jurisdictional discovery, especially when they possess the vast majority of the evidence relevant to their own contacts with Texas. While plaintiffs, who bear the burden of making a *prima facie* showing of jurisdiction,[4] commonly seek jurisdictional discovery to combat motions to dismiss for lack of personal jurisdiction, there is a dearth of case law addressing situations in which defendants seek jurisdictional discovery to prove an absence of jurisdiction. However, if jurisdictional discovery is permitted, the initial disclosures would be central in guiding that discovery because they would identify individuals and documents relevant to personal jurisdiction. Thus, the Grower Defendants should not be permitted to on the one hand avoid discovery, yet on the other hand request it.

**IV.   Conclusion**

For reasons stated, the Court should order Defendants to file their lists of interested parties and serve their initial disclosures.

Respectfully submitted,

S   Caitlin Berberich
Caitlin Berberich
Attorney-in-Charge for Plaintiffs
Tennessee BPR 025780
Douglas L. Stevick
Texas Bar No. 00797498
S.D. Tex. No. 21358
SOUTHERN MIGRANT LEGAL SERVICES
A PROJECT OF TEXAS RIOGRANDE LEGAL AID, INC.

---

[4] Central Freight Lines, Inc. v. APA Transp. Corp., 322 F.3d 376, 380 (5th Cir. 2003); Stripling v. Jordan Prod. Co., 234 F.3d 863, 869 & n.8 (5th Cir. 2000).

        101 Church Street, Suite 325
        Nashville, Tennessee 37201
        Telephone: (615) 251-3244
        Facsimile: (615) 251-3347

        Kathryn Youker
        Texas Bar No. 24014928
        S.D. Tex. No. 33655
        TEXAS RIOGRANDE LEGAL AID, INC.
        300 S. Texas Blvd.
        Weslaco, TX 78596
        Telephone: (956) 447-4800
        Facsimile: (956) 968-8823

        Edward B. Cloutman, III
        Texas Bar No. 04411000
        LAW OFFICES OF EDWARD B. CLOUTMAN, III
        3301 Elm St.
        Dallas, TX 75226
        Telephone: (214) 939-9222
        Facsimile: (214) 939-9229

March 5, 2007

### Certificate of Service

     I hereby certify that on this the 5th day of March, 2007, I caused a true and correct copy of the foregoing to be electronically served upon the following counsel of record for Defendants, via the Court's electronic case-filing system:

COUNSEL FOR DEFENDANTS POVERTY POINT PRODUCE, INC. and JEFFERY BROWN:

        Thomas Kiggans, Esq.
        Phelps Dunbar LLP
        445 N. Boulevard, Ste. 701
        Baton Rouge, LA 70802

COUNSEL FOR DEFENDANTS RAUL LEAL, JESSE LEAL, AND PIEDAD LEAL:

        Victor Rodriguez, Jr.

   Ellis, Koeneke & Ramirez, L.L.P.
   1101 Chicago
   McAllen, TX 78501-4822


         S__   Caitlin Berberich__